UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ANGELO ADAM GONZALEZ — D–1,
DAVID JUAREZ — D–3,

       Defendants.
_____/

Case No. 13-20813
Honorable Thomas L. Ludington

**ORDER SCHEDULING HEARING AND DIRECTING BRIEFING**

On October 4, 2013, the government swore out a criminal complaint concerning Angelo Gonzalez. On November 6, 2013, the grand jury returned an indictment charging Gonzalez with one count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). *See* Indictment 1, ECF No. 14. Gonzalez retained attorney Rod O'Farrell to represent him.

On January 14, 2014, the government swore out a criminal complaint concerning David Juarez, Gonzalez's uncle. On February 12, 2014, the grand jury returned a superseding indictment, charging both Juarez and Gonzalez in the same conspiracy "to distribute cocaine and possess with intent to distribute cocaine . . . ." Superseding Indictment 2, ECF No. 22. Juarez was also charged as a felon in possession of a firearm. *Id*. at 3. Kenneth Sasse, an Assistant Federal Defender, was appointed to represent Juarez.

However, Rod O'Farrell filed motions requesting that he be allowed to represent both Gonzalez and Jaurez, despite the fact that they are co-defendants. He filed a motion to continue representation of Gonzalez, *see* Mot. Continue, ECF No. 21, and a motion to substitute as Juarez's counsel, *see* Mot. Substitute, ECF No. 13. Mr. O'Farrell indicates that the "Sixth Amendment . . . require[s] that each Defendant be allowed to be represented by their respective

Attorney of Choice." Mot. Continue 2–3. Anything less, Mr. O'Farrell suggests, constitutes "structural error." *Id*. at 3.

The government filed a response to Mr. O'Farrell's motions, indicating that it "does not contest Mr. O'Farrell's continued representation of Gonzalez[,]" but that it "does oppose Gonzalez and Juarez having joint representation due to a conflict of interest." Pl.'s Resp. 2, ECF No. 23. Specifically, the government argues that Federal Rule of Criminal Procedure 44 precludes joint representation here, as it establishes that "[u]nless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel." Fed. R. Crim. P. 44(c)(2). The government believes there "are many potential conflicts with joint representation in this case," and thus "there is a clear conflict of interest in joint representation." Pl.'s Resp. 3.

To resolve the conflict, the Court will hold a hearing as instructed by Rule 44. *See* Fed. R. Crim. P. 44(c)(2) ("The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to effective assistance of counsel, including separate representation."). However, supplementary briefing is necessary to adjudicate the dispute.

Namely, neither Mr. O'Farrell nor the government has responded to the opposition's point. Although Mr. O'Farrell cites the Sixth Amendment in support of allowing a defendant his counsel of choice, he does not address the ABA Model Rule of Professional Conduct 1.7, governing conflicts of interest, which provides:

> (a)   Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
>    (1)   the representation of one client will be directly adverse to another client; or

2

  (2)  there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

ABA-AMRPC 1.7 (2011).

  And the government, in its response, relies solely on Criminal Procedure Rule 44. It does not address Mr. O'Farrell's contention that the Sixth Amendment guarantees counsel of choice. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) ("We have previously held that an element of this [Sixth Amendment] right is the right of a defendant who does not require appointed counsel to choose who will represent him.").

  Accordingly, it is **ORDERED** that the Defendants Gonzalez and Juarez, along with counsel (Mr. O'Farrell and Mr. Sasse, along with counsel for the government), are **DIRECTED** to attend a hearing on **March 6, 2014** at **3:00 p.m.**

  It is further **ORDERED** that Mr. O'Farrell and the government are **DIRECTED** to file supplemental briefing directly addressing both their own arguments, and those presented by the opposition. These briefs will be due no later than **February 25, 2014**.

  It is further **ORDERED** that Mr. O'Farrell and the government are **DIRECTED** to file responsive briefs no later than **March 3, 2014**.

Dated: February 14, 2014            s/Thomas L. Ludington
                            THOMAS L. LUDINGTON
                            United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 14, 2014.

      s/Tracy A. Jacobs
      TRACY A. JACOBS