UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

       Case No. 13-20813
       Honorable Thomas L. Ludington

ANGELO ADAM GONZALEZ, D-1;
JONATHAN ORTIZ CORONADO, D-2;
DAVID JUAREZ, D-3;

       Defendants.
_____/

**ORDER GRANTING MOTION TO CONTINUE LEGAL REPRESENTATION, DENYING MOTION TO SUBSTITUTE AS COUNSEL, AND SCHEDULING IN-PERSON CONFERENCE WITH COUNSEL**

On February 12, 2014, a grand jury returned a first superseding indictment charging Angelo Gonzalez, Jonathan Coronado, and David Juarez with "knowingly and voluntarily" combining, conspiring, confederating, and agreeing together "to distribute cocaine and possess with intent to distribute cocaine . . . ." First Super. Indictment 1–2, ECF No. 22. Gonzalez and Juarez were put on notice that their charges "involved 500 grams or more of cocaine . . . ." *Id*. at 2. Additionally, Juarez was charged as a felon in possession of a firearm. *Id*. at 2–3.

One week prior to the superseding indictment, on February 4, 2014, counsel for Gonzalez—Rodney O'Farrell—filed a motion to continue his representation of Gonzalez and a motion to substitute as Juarez's attorney as well.[1] In the motion to continue as counsel for Gonzalez, Mr. O'Farrell indicates that he has been representing Gonzalez since "October 7, 2013," but that "Juarez . . . and his family made arrangements to retain Rod O'Farrell, to represent him" as well. Def.'s Mot. Cont. ¶¶ 4, 12, ECF No. 21. Mr. O'Farrell explains that he

---

[1] At the time, Juarez had not been formally indicted but only charged by complaint.

has apprised Gonzalez of the potential "conflict of interest" if he represents two codefendants in the same case, and that Gonzalez nevertheless "desires that Rod O'Farrell continue to represent him in the event the Motion for Rod O'Farrell to substitute as the Attorney for David Juarez . . . is granted." *Id*. ¶¶ 14, 15.

In the related motion to substitute, Mr. O'Farrell indicates that both Juarez and his counsel (at the time the motion was filed[2]) have no objections to Mr. O'Farrell representing Juarez. Again, Mr. O'Farrell represents that he has disclosed any potential conflicts of interest and that Jaurez still "wishes Rod O'Farrell, to represent him in this cause." Def.'s Mot. Substitute ¶¶ 10, 11, ECF No. 13.

Despite the fact that both Gonzalez and Juarez want Mr. O'Farrell as counsel, the government raised an objection "to the substitution based upon a potential conflict of interest" because Mr. O'Farrell would be representing two defendants in the same case. *See id*. ¶ 9. So the Court ordered supplemental briefing concerning whether Mr. O'Farrell should be allowed to represent codefendants, and his two February 4, 2014 motions were set for hearing on March 6, 2014.[3]

**I**

The Sixth Amendment guarantees counsel to those charged with a crime; a right that is both "fundamental and essential to fair trials . . . ." *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963). And although the Sixth Amendment does not guarantee "impecunious defendants" the right to "choose their counsel," *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617,

---

[2] Originally, Juarez was represented by Court-appointed counsel—Assistant Federal Defender Kenneth Sasse. Since Mr. O'Farrell filed his motion, Juarez has retained alternate counsel, Jeffrey Rupp, who filed an appearance on Juarez's behalf on March 31, 2014. *See* Notice of Appearance, ECF No. 36.

[3] The hearing was subsequently rescheduled for March 12, 2014.

624 (1989), a defendant that can pay "should be afforded a fair opportunity to secure counsel of his own choice," *Powell v. State of Ala.*, 287 U.S. 45, 53 (1932).

However, even defendants with the means to pay for an attorney do not have unfettered discretion to choose anyone to act as counsel: "The Sixth Amendment right to choose one's own counsel is circumscribed in several important respects." *Wheat v. United States*, 486 U.S. 153, 159 (1988). For example, in *Wheat* the Supreme Court addressed the same issue faced here— "the extent to which a criminal defendant's right under the Sixth Amendment to his chosen attorney is qualified by the fact that the attorney has represented other defendants charged in the same criminal conspiracy." *Id*. The Supreme Court emphasized that one lawyer representing multiple codefendants can pose problems:

> In previous cases, we have recognized that multiple representation of criminal defendants engenders special dangers of which a court must be aware. While permitting a single attorney to represent codefendants is not *per se* violative of constitutional guarantees of effective assistance of counsel, a court confronted with and alerted to possible conflicts of interest must take adequate steps to ascertain whether the conflicts warrant separate counsel.

*Id*. at 159–60 (internal quotation marks, citations, and ellipsis omitted). Indeed, as the Supreme Court established in *Holloway v. Arkansas*, 435 U.S. 475 (1978),

> Joint representation of conflicting interests is suspect because of what it tends to prevent the attorney from doing. . . . [A] conflict may . . . prevent an attorney from challenging the admission of evidence prejudicial to one client but perhaps favorable to another, or from arguing at the sentencing hearing the relative involvement and culpability of his clients in order to minimize the culpability of one by emphasizing that of another. Examples can be readily multiplied. The mere physical presence of an attorney does not fulfill the Sixth Amendment guarantee when the advocate's conflicting obligations have effectively sealed his lips on crucial matters.

*Id*. at 489–90.

Federal Rule of Criminal Procedure 44 governs the right to and appointment of counsel. The Rule provides that joint representation occurs when "two or more defendants have been

charged jointly under Rule 8(b) or have been joined for trial under Rule 13" and "the defendants are represented by the same counsel . . . ." Fed. R. Crim. P. 44(c)(1)(A)–(B). Under the Rule, when joint representation occurs, "[t]he court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation." Fed. R. Crim. P. 44(c)(2). Upon the court's inquiry, "[u]nless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel." *Id*.

So while this Court "must recognize the Sixth Amendment presumption in favor of counsel of choice, that presumption may be overcome not only by a demonstration of actual conflict but also by a showing of a serious potential for conflict." *Wheat*, 486 U.S. at 153 Accordingly, this Court enjoys "substantial latitude to evaluate in the light of [its] informed judgment the facts and circumstances of each case, including any attempt by the Government to 'manufacture' a conflict to prevent a defendant from obtaining particularly able counsel." *Id*.

**II**

The Court conducted a conference with counsel on March 12, 2014. During that session, all involved contemplated the potential hardships that could arise if Mr. O'Farrell represented both Gonzalez and Juarez simultaneously. Because it became clear factually that these two Defendants' interests could be adverse, the potential for conflict was too great to allow for Mr. O'Farrell to represent both Defendants.[4]

However, because Mr. O'Farrell has yet to receive any of the information or discovery materials related to Juarez, the government "does not contest Mr. O'Farrell's continued representation of Gonzalez." Pl.'s Resp. 2, ECF No. 23. So Mr. O'Farrell's motion to continue

---

[4] As indicated in footnote two, Juarez has since retained alternate counsel, Jeffrey Rupp. *See* Notice of Apperance, ECF No. 36.

- 5 -

as Gonzalez's attorney will be granted, but his motion to substitute as Jaurez's counsel will be denied.

### III

Accordingly, it is **ORDERED** that Gonzalez's motion to continue representation, ECF No. 21, is **GRANTED**.

It is further **ORDERED** that Juarez's motion for substitution of counsel, ECF No. 13, is **DENIED**.

It is further **ORDERED** that counsel for each Defendant in this case is **DIRECTED** to participate in an in-person status conference on **April 17, 2014**, at **10:00 a.m.**, to assess the ongoing progress of this case.

Dated: April 15, 2014                         s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 15, 2014.
                    s/Tracy A. Jacobs
                    TRACY A. JACOBS