UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANGELO ADAM GONZALEZ,

      *Petitioner*

v.

UNITED STATES OF AMERICA,

      *Respondent.*
_____/

CRIM. CASE NO: 1:13-cr-20813
CIV. CASE NO: 1:16-cv-11007

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S 28 U.S.C. § 2255 MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 134)

**I.     RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's motion to vacate (Doc. 134) be **DENIED** and that the civil case be **DISMISSED.**

**II.    REPORT**

    **A.     Introduction**

Pursuant to a Rule 11 plea agreement, Petitioner pleaded guilty to Count 1, the sole count, of the superseding information which charged him with conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Doc. 112.) On April 24, 2015, judgment entered and Petitioner was sentenced to 140 months incarceration. (Doc. 128.) Petitioner did not file an appeal. On March 15, 2016, Petitioner filed the instant motion to vacate under 28 U.S.C. § 2255. (Doc. 134.) Petitioner contends that his attorney was ineffective because he failed to challenge the testimony of Gregory Remer of the Saginaw Township Police (by failing to file a motion to

suppress), failed to protect Petitioner from a conviction based on insufficient evidence, and failed to contest the quantity of drugs which determined the guideline range. (Doc. 134.)

On July 5, 2016, Respondent filed a response, arguing that counsel was not ineffective and that none of his current claims have any merit. (Doc. 145.) Extensions of time were granted as to both parties. The instant motion has been referred to the undersigned (Doc. 137) and is ready for report and recommendation.

**B.     Law and Analysis**

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)). Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

2

In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id*. at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome

3

determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Where a claim for ineffective assistance of counsel is brought following a guilty plea, the "prejudice requirement 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" *Utley v. United States*, No. 12-20160, 2016 WL 337750, at *6 (E.D. Mich. Jan. 28, 2016)(Lawson, J.), *citing Hill*, 474 U.S. at 59. "'In other words,... the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id*. (citations omitted).

In the instant case, Petitioner claims his attorney was ineffective because he failed to challenge the testimony of Gregory Remer of the Saginaw Township Police (by failing to file a motion to suppress), failed to protect Petitioner from a conviction based on insufficient evidence, and failed to contest the quantity of drugs which determined the guideline range. (Doc. 134.) Petitioner does not claim that his plea was made unknowingly or involuntarily.[1]

Petitioner does not even allege that but for his counsel's failures, he would have proceeded to trial. Thus, Petitioner's assertions do not even facially state sufficient prejudice to obtain relief under §2255. *Utley, Hill, supra.* Since Petitioner has failed to even assert prejudice, I need not

---

[1]Since Petitioner entered a knowing, voluntary and unconditional plea, he waived all the underlying issues regarding any motion to suppress or quantity of drugs attributable to Petitioner. *United States v. Martin*, 526 F.3d 926, 932 (6th Cir. 2008). It is arguable that he could still claim that counsel was ineffective for raising the issues. However, at least one district court in our region has held that an unconditional plea not only waives underlying issues, such as suppression claims, but also any claim of ineffective assistance of counsel for failing to pursue the underlying issue. *Kotsonis v. United States*, No. 2:12-CR-61, 2017 WL 129892, at *5-6 (E.D. Tenn. Jan. 13, 2017).

4

address whether counsel was constitutionally insufficient but I note that the government's response sets forth good reasons why defense counsel's performance was not insufficient. (Doc. 145.)

### C. Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on the allegations raised in his motion.

### D. Conclusion

For all the reasons stated above, I recommend that the Court deny Petitioner's motion to vacate sentence (Doc. 134).

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same

order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 20, 2017                     S/ PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge


## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Angelo Adam Gonzalez #49147039 at Beckley Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 350, Beaver, WV 25813.

Date: January 20, 2017                      By s/Kristen Castaneda
                                            Case Manager