UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANGELO ADAM GONZALEZ,

                Petitioner.                        Case No. 13-cr-20813-01

v.                                                     Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

                Respondent,
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING MOTIONS TO VACATE SENTENCE, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED IN FORMA PAUPERIS**

On April 23, 2015, Petitioner Angelo Adam Gonzalez was sentenced to 140 months of imprisonment after pleading guilty to one count of conspiracy to possess and distribute cocaine. ECF No. 128. Gonzalez did not appeal. On March 15, 2016, Gonzalez filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1134. That motion was referred to Magistrate Judge Patricia T. Morris. ECF No. 137. On January 20, 2017, Judge Morris issued a report recommending that Gonzalez's motion to vacate be denied. ECF No. 150. Several weeks later, Gonzalez filed objections to Judge Morris's report and recommendation. ECF No. 153. He has also filed a supplemental motion to vacate. ECF No. 154. For the reasons stated below, Gonzalez's objections will be overruled, Judge Morris's report and recommendation will be adopted, and both motions to vacate will be denied.

**I.**

Gonzalez was arrested after officers stopped the car he and one of his coconspirators were traveling in. As the vehicle came to a stop, Gonzalez's coconspirator ran from the vehicle and attempted to dispose of two kilograms of cocaine. While in jail, Gonzalez called the third

coconspirator and directed him to clean up the mess. All three men were indicted *See* Nov. 19, 2014, Op. & Ord., ECF No. 92, for an additional summary of the facts leading to indictment.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the

district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

**III.**

Gonzalez's original motion to vacate advances three grounds for relief. First, Gonzalez argues that his retained counsel rendered ineffective assistance of counsel by failing to file a motion to suppress, for failing to contest the testimony that the officer gave before the grand jury, and for not contesting the quantity or amount of drugs used to calculate Gonzalez's guideline range at sentencing. Judge Morris rejected all three grounds because Gonzalez pleaded guilty and does not argue or allege that, but for his counsel's ineffectiveness, he would have proceeded to trial.

Gonzalez has filed four objections. First, he contends that he pleaded guilty because Officer Remer testified before the grand jury that drugs were found near Gonzalez's location. He faults his counsel because "petitioner would have insisted on taking to trial had petitioner been aware of the inconsistencies and the insufficiency of the evidence for which this petitioner was pleaing to." Objs. at 3, ECF No. 153. Second, Gonzalez argues that his counsel did not adequately investigate whether the dash camera on the police car might have exculpated him. Third, Gonzalez argues that his attorney was ineffective because he did not join in a co-defendant's motion to suppress. Gonzalez's fourth objection simply combines his second and third objections.

**A.**

Defendants are entitled to effective assistance of counsel during plea negotiations. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). As in all ineffective assistance of counsel challenges, the familiar *Strickland v. Washington* test applies. *Id.* (citing 466 U.S. 668). First, the defendant must

show "that the counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 at 688. Second, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

When a defendant has pleaded guilty and later contends that he received the ineffective assistance of counsel, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The *Hill* Court gave examples which are particularly helpful here:

> [W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

*Id.*

In his objections, Gonzalez makes the assertion that he would have proceeded to trial if his counsel had challenged the testimony the arresting officer had given to the grand jury. But, at best, Gonzalez argues that the officer's testimony could have been impeached with contradictory evidence. A federal prosecutor is not obligated to present exculpatory evidence to the grand jury." *United States v. Adamo*, 742 F.2d 927, 937 (6th Cir. 1984). And "a grand jury presented with inadequate or incompetent evidence may nevertheless be an unbiased grand jury capable of returning a valid indictment." *Id.* at 939. Thus, even taking all of Gonzalez's allegations as true, they would not provide a basis for calling into question the grand jury's decision to return an

indictment. His counsel's decision to not file a motion to dismiss the indictment thus had no impact on the outcome of the proceeding. Gonzalez's first objection will be overruled.

In his second objection, Gonzalez argues that the outcome of the proceeding would have been different if his attorney had filed a motion to suppress the evidence obtained as a result of the car stop. He contends that the dash camera footage reveals that the car's headlights were on, which contradicts the officers' purported reasoning for initiating the stop. In his third objection, Gonzalez faults his counsel for not joining in a motion to suppress filed by his co-defendant Juarez. A review of the record indicates that Juarez filed a motion to suppress challenging the legality of the traffic stop. ECF No. 50. Juarez specifically argued that the headlights were on prior to the stop. The Court rejected that argument, finding that Juarez did not have standing to challenge the search and seizure. ECF No. 92 at 23–26. Gonzalez was neither the driver nor the owner of the vehicle that was stopped. As such, he likewise had no reasonable expectation of privacy in the vehicle and would not have had standing to challenge the seizure at issue. *See United States v. Davis*, 430 F.3d 345, 360 (6th Cir. 2005). "'Trial counsel's failure to bring a meritless suppression motion cannot constitute ineffective assistance.'" *Brown v. McKee*, 231 F. App'x 469, 475 (6th Cir. 2007) (quoting United States v. Tisdale, 195 F.3d 70, 73-74 (2d Cir. 1999)). Because the decision by Gonzalez's counsel to not bring a motion to suppress was reasonable, Gonzalez has not established that his counsel's representation was deficient. Gonzalez's second and third objections will be overruled.

In his fourth objection, Gonzalez simply repeats his assertion that, if his counsel had joined Juarez's motion to suppress, the evidence seized after the car stop would have been suppressed. As explained above, that is inaccurate. To the extent Gonzalez also attempts to

challenge admissibility of jail phone calls in his fourth objection, the objection is too conclusory to merit review.

Gonzalez also repeats his request for an evidentiary hearing. But, as Judge Morris explained, there are no material factual issues in dispute here. As such, an evidentiary hearing would be a waste of judicial resources. *See* 28 U.S.C. § 2255(b). The report and recommendation will be adopted and Gonzalez's motion to vacate will be denied.[1]

**B.**

On June 21, 2017, Gonzalez filed a supplemental motion to vacate. ECF No. 154. 28 U.S.C. § 2244(b)(3)(A) provides that a second or successive motion for habeas relief can be filed only if the court of appeals has authorized the district court to file that motion. *See Clark v. United States*, 764 F.3d 653, 657 (6th Cir. 2014). To the extent that Gonzalez's second motion to vacate his sentence is construed as an independent motion for habeas relief, this Court does not have jurisdiction to consider it. However, motions to amend that are submitted before the consideration of an initial § 2255 claim is "decisively complete" are not second or successive applications for habeas relief. *Id.* at 659. Because the Court prefers to resolve arguments on their merits and because Gonzalez is proceeding pro se, his second motion to vacate will be considered.

In the supplemental motion, Gonzalez argues that he is entitled to relief under *Mathis v. United States* 136 S.Ct. 2243 (2016). In *Mathis*, the Supreme Court outlined the process by which district courts should determine if a defendant's prior conviction is one of the enumerated violent felonies listed in § 924(e)(2)(B)(ii) (defining "violent felonies" as including "burglary, arson, or extortion"). 136 S. Ct. at 2243. Prior to *Mathis*, the Supreme Court required district

---

[1] Judge Morris also rejected Gonzalez's argument that his counsel was ineffective at sentencing for failure to challenge the drug quantities attributed to him at trial. But Gonzalez was sentenced as a career offender, under U.S.S.G. 4B1.1, not based on the drug quantities involved, under 2D1.1

courts to compare the elements of the state crime with the generic version of the enumerated federal offense. If the state crime was "the same as, or narrower than, the relevant generic offense," then the state crime qualified as an enumerated offense. *Id.* at 2257. *See also Taylor v. United States*, 495 U.S. 575, 599 (1990). In *Mathis*, the Court reaffirmed that approach. As the Court explained: Because the inquiry focuses on the generic offense, the court "may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition." *Mathis*, 136 S. Ct. at 2257.[2] If the elements of the state law crime are broader than the generic version of the enumerated federal offense, then the state law conviction cannot serve as a predicate for career offender status.

However, Supreme Court has distinguished between "elements" and "means." *Id.* at 2256. According to the Court, elements are things which must be charged to establish commission of an offense, while things which need not be charged are means. *Id.* Sometimes, a statute will "set out one or more elements of the offense in the alternative." *Descamps*, 133 S. Ct at 2281. If that is the case, then the sentencing court may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* That alternative element is then compared to the generic offense to determine whether it can serve as qualified enumerated offense under the ACCA. *Id.*[3]

In *Mathis*, the Supreme Court addressed the scenario that arises when the statute lists "alternative *means* of fulfilling one (or more)" or the elements. 136 S. Ct. at 2253 (emphasis added). In that case, the sentencing court may not inquire into which of the different "means" of satisfying a certain element was present in the case before the court. *Id.* at 2256. In other words,

---

[2] This is called the "categorical approach."
[3] This is the "modified categorical approach."

the modified categorical approach applies to statutes with alternative elements, but does not apply to statutes with alternative means of satisfying a given element.

Gonzalez was not sentenced under the violent criminal provision of the ACCA. Rather, he was sentenced under the prior controlled substance convictions provision of the Sentencing Guidelines. Because of that important distinction, the *Mathis*, *Descamps*, and *Johnson* decisions are not directly applicable to Gonzalez.

In *Hinkle*, however, the Fifth Circuit applied the Supreme Court's reasoning in *Mathis* to the prior controlled substance convictions provision of the Sentencing Guidelines. 832 F.3d at 574. The Fifth Circuit recognized that *Mathis* dealt with the ACCA, but concluded that its reasoning regarding application of the categorical and modified categorical approaches was controlling even when determining whether the prior controlled substance convictions provision of the Sentencing Guidelines was applicable. *Id.* at 574–75. The *Hinkle* Court then concluded that the "method used to deliver a controlled substance" was a means, not an element, of committing the Texas crime. For that reason, the categorical approach was applied, meaning that the generic federal crime for delivering a controlled substance was compared in scope to all potential means of "delivering" under the Texas statute. *Id.* at 575–76. As the Fifth Circuit held:

> The "delivery" element of Hinkle's crime of conviction criminalizes a "greater swath of conduct than the elements of the relevant [Guidelines] offense." This "mismatch of elements" means that Hinkle's conviction for the knowing delivery of heroin is not a controlled substance offense under the Guidelines. That prior conviction cannot serve as a predicate offense under the Career Offender Guideline provision, which is § 4B1.1.

*Id.* at 576 (quoting *Mathis*, 136 S.Ct. at 2251).

Gonzalez asserts that his two state law convictions for manufacturing and distributing marijuana no longer qualify as predicate offenses for career offender status. He does not allege that a specific element of the state offense is broader than the corresponding federal offense.

- 8 -

Mich. Comp. L. § 333.7401(2)(d)(iii) criminalizes delivering or manufacturing marijuana. *See also* § 333.7401(1) ("[A] person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance."). The Sentencing Guidelines define the term "controlled substance offense" for purposes of career offender status as follows:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. 4B1.2.

The *Hinkle* decision rested on the differences between the definition of "delivery" in the Texas statute compared to the generic federal definition. Here, however, the definitions of "delivery" are materially identical. The Michigan statute defines "delivery" as "the actual, constructive, or attempted transfer from 1 person to another of a controlled substance, whether or not there is an agency relationship." Mich. Comp. L. § 333.7105(1). Federal law defines "delivery" as "the actual, constructive, or attempted transfer of a controlled substance or a listed chemical, whether or not there exists an agency relationship." 21 U.S.C. § 802(8). Because Gonzalez's state crimes of conviction are "the same as, or narrower than, the relevant generic offense," they were properly used as predicate offenses for the purposes of characterizing Gonzalez as a career offender under § 4B1.1 of the Sentencing Guidelines. *Mathis*, 136 S. Ct. at 2257.

**IV.**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**V.**

Accordingly, it is **ORDERED** that Petitioner Gonzalez's objections to the report and recommendation, ECF No. 153, are **OVERRULED.**

It is further **ORDERED** that the Magistrate Judge's report and recommendation, ECF No. 150, is **ADOPTED.**

It is further **ORDERED** that Petitioner Gonzalez's motion to vacate his sentence under 28 U.S.C. § 2255, ECF No. 134, is **DENIED.**

It is further **ORDERED** that Petitioner Gonzalez's supplemental motion to vacate his sentence, ECF No. 154, is **DENIED.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: July 6, 2017  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 6, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager