UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D -1, ANGELO ADAM GONZALEZ

        Defendant.

Case No. 13-CR-20813-01
Honorable Thomas L. Ludington

/

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE HIS SENTENCE WITH PREJUDICE AND DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE**

On January 9, 2015, Defendant Angelo Adam Gonzalez pled guilty to one count of conspiracy to distribute and to possess with intent to distribute cocaine, in violation 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 112. He was sentenced to 140 months imprisonment. ECF No. 128. On June 22, 2020, Defendant sent a letter asking this Court "to see if [he] qualif[ied] to be resentenced under 18 U.S.C. § 3582(c)(2)," based on Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."). ECF No. 179. The letter is construed as a motion to reduce Defendant's sentence under 18 U.S.C. § 3582(c)(2). The Government responded on July 8, 2020. ECF No. 180. Instead of filing a reply brief, Defendant requested the appointment of counsel. ECF No. 181. Also on July 8, 2020, Defendant filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 182. On September 16, 2020, the Government was ordered to respond to Defendant's motion for compassionate release. ECF No. 183. Response briefs have now been filed for both of Defendant's motions. ECF Nos. 180, 184. For the reasons stated below, Defendant's motion to reduce his sentence under § 3582(c)(2) will be denied with prejudice and his motion for compassionate release will be denied without prejudice.

**I.**

Section 3582(c)(2) allows a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" to move for a sentence reduction. Amendment 782, which went into effect in 2014, "reduced by two levels the base offense levels set forth in [U.S.S.G.] § 2D1.1(c)," which governs the drug quantity table. *United States v. Reid*, 888 F.3d 256, 257 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1320 (2019). Defendant, however, was sentenced as a career offender under § 4B1.1, not § 2D1.1(c). ECF No. 112. "[The Sixth Circuit] has consistently held that a defendant convicted of [drug]-related charges but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible for a reduction based on an amendment to the drug-quantity table." *United States v. Cook*, 870 F.3d 464, 468 (6th Cir. 2017) (internal quotation marks omitted); *see also* U.S.S.G. § 1B1.10, comment. (n.1) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision . . . ."). Accordingly, Defendant's motion to reduce his sentence under § 3582(c)(2) will be denied.

**II.**

Defendant also seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (commonly referred to as "compassionate release"). The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i). As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020). Defendant is currently housed at Federal Correctional Institute, Yazoo City in Yazoo County, Mississippi. Defendant states that he "attempted to exhaust, but was told no by prison officials." ECF No. 182 at PageID.961. As evidence, he attaches two documents. The first is a printout of an email dated July 4, 2020 and purporting to be from Defendant. ECF No. 182 at PageID.963. The email asks for "home confinement due to the corona virus epidemic" but the addressee line is blank. *Id.* The second document is a standard BOP denial form regarding a request for a reduction in sentence based on COVID-19. ECF No. 182 at PageID.964. The form is undated and contains no identifying information relating to Defendant, his request, or FCI Yazoo City. *Id.* Noting the irregularities in the forms, the Government represents that "the BOP has no record of a request for release from [Defendant] in its centralized system." ECF No. 184 at PageID.981. Based on the foregoing, Defendant has not produced evidence supporting a finding of exhaustion. Defendant's motion for compassionate release will therefore be denied without prejudice.

## III.

Accordingly, it is **ORDERED** that Defendant's Motion to Reduce His Sentence, ECF No. 179, is **DENIED**.

It is further **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 182, is **DENIED WITHOUT PREJUDICE**. Defendant may file another motion for compassionate release but must include evidence that he requested release from the BOP and that the BOP either denied the request or 30 days have elapsed.

It is further **ORDERED** that Defendant's request for the appointment of counsel, ECF No. 181, is **DENIED AS MOOT**.

Dated: November 12, 2020                              s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Angelo Adam Gonzalez** #49147-039, YAZOO CITY LOW FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 5000, YAZOO CITY, MS 39194 by first class U.S. mail on November 12, 2020.

                        s/Kelly Winslow
                        KELLY WINSLOW, Case Manager